UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| KENNETH VOGEL and <br> VERDA LEA VOGEL, <br><br> Plaintiff(s), <br><br> vs. <br><br> WYNDHAM VACATION RESORTS, INC., <br><br> Defendant(s). | Case No. 4:12CV1072 JCH |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Wyndham Vacation Resorts, Inc.'s Motion for Summary Judgment, filed January 8, 2013. (ECF No. 14). The motion is fully briefed and ready for disposition.

## BACKGROUND

Prior to July 20, 2008, Plaintiffs Kenneth and Verda Lea Vogel, husband and wife, were vacationing at Wyndham Mountain Vista, a timeshare property owned by Defendant and located in Branson, Missouri. (Plaintiffs' Petition ("Complaint" or "Compl."), ¶¶ 1, 6). At that time Plaintiffs, who already owned a Wyndham timeshare, complained to management about the increasing cost of their maintenance fees. (Id., ¶ 7). Plaintiffs allege they were told to speak with John Murray Stacey ("Stacey"), one of Defendant's managers, to lodge a complaint about the maintenance fees. (Id., ¶ 8).

According to Plaintiffs, Stacey said the only way he could lower their maintenance fees was to move them to a more expensive timeshare facility. (Compl., ¶ 9). Stacey assured Plaintiffs they easily could rent out their timeshare week, which would offset the cost of the maintenance fees, and that he personally would assist in finding renters for the timeshare. (Id., ¶ 10). Stacey further

promised that as platinum members, Plaintiffs could upgrade their timeshare package at no cost, and that he personally would handle their future vacation arrangements. (Id., ¶ 11).

Based on these alleged representations, Plaintiffs purchased a timeshare from Defendant at the Emerald Beach Resort in Panama City Beach, Florida, for the purchase price of $125,526.00. (Compl., ¶¶ 9, 12). Since purchasing the Emerald Beach timeshare, Plaintiffs' maintenance fees have risen to over $320.00 per month. (Id., ¶ 13). Furthermore, Plaintiffs' attempts to reach Stacey, to obtain his assistance in renting out their timeshare or in booking a vacation, have been unsuccessful. (Id., ¶¶ 14, 15).

Plaintiffs originally filed their Complaint in this matter in the Circuit Court of St. Louis County, Missouri. Defendant removed the suit to this Court on June 15, 2012. (ECF No. 1). In Count I of their Complaint, Plaintiffs assert Defendant's actions violated the Florida Vacation and Timeshare Plans Act. (Compl., ¶¶ 16-22). In Count II, Plaintiffs lodge allegations of fraudulent misrepresentation. (Id., ¶¶ 23-29). As stated above, Defendant filed the instant Motion for Summary Judgment on January 8, 2013, asserting there exist no genuine issues of material fact and Defendant is entitled to judgment as a matter of law. (ECF No. 14).

## **SUMMARY JUDGMENT STANDARD**

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477

U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id.*

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id.* at 249.

## **DISCUSSION**

In its Motion for Summary Judgment, Defendant asserts that on or about October 24, 2011, Plaintiffs filed a lawsuit in the State of Wisconsin, in regards to their purchase of a different timeshare from Defendant (the "Wisconsin Lawsuit"). (Defendant's Statement of Uncontroverted Material Facts, ¶ 1). The Wisconsin Lawsuit alleged violations of the Wisconsin Timeshare Act, fraud, and other related causes of action. (Id., ¶ 2). The parties settled the Wisconsin Lawsuit on December 31, 2011, and executed a Settlement Agreement and Release of Claims ("Settlement Agreement"), in which Defendant agreed to pay Plaintiffs $25,000.00 and cancel Plaintiffs' contract for the purchase of the timeshare, in exchange for Plaintiffs' dismissing their Complaint in the Wisconsin Lawsuit with prejudice. (Id., ¶¶ 3-4; Settlement Agreement, attached to Defendant's Motion for Summary Judgment as Exh. 2, ¶¶ 2, 3, 6). The Settlement Agreement provided that "[o]ther

contracts between these parties will remain in full force and effect, and this settlement will have no affect [sic] on any other contracts between [Plaintiffs] and [Defendant]." (Settlement Agreement, ¶ 4). As relevant here, the Settlement Agreement further stated as follows: "The Parties represent that they have no suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against each other, other than the Complaint[1]." (Id., ¶ 8). Based on these provisions, Defendant maintains summary judgment in its favor is appropriate here, either because Plaintiffs waived any claims against Defendant regarding any alleged pre-settlement misconduct, and/or because Plaintiffs are estopped from bringing the claims against Defendant. (Defendant's Memorandum in Support of its Motion for Summary Judgment, PP. 3-6).

Under Missouri law, "[s]ettlement agreements are governed by principles of contract law, and therefore, the rules of contract construction apply to their interpretation." *Withers v. City of Lake St. Louis*, 318 S.W.3d 256, 261 (Mo. App. 2010) (citations omitted). The Court thus first examines the plain language of the agreement, to determine whether it is clear and unambiguous.[2] *Id.* "[T]he meaning of an unambiguous contract presents a question of law appropriate for summary judgment." *McCormack v. Citibank, N.A.*, 100 F.3d 532, 538 (8th Cir. 1996) (citation omitted). "'Conversely, the interpretation of an ambiguous contract presents a question of fact, thereby precluding summary judgment.'" *Id.*, quoting *Michalski v. Bank of Am. Ariz.*, 66 F.3d 993, 996 (8th Cir. 1995).

"The cardinal rule in the interpretation of a contract is to ascertain the intention of the parties and to give effect to that intention." *West v. Sharp Bonding Agency, Inc.*, 327 S.W.3d 7, 15 (Mo.

---

[1] "Complaint" is defined in the Settlement Agreement as Plaintiffs' action against Defendant filed in Sauk County Court, Wisconsin. (Settlement Agreement, P. 1).

[2] Whether the contract is ambiguous is a question of law, and a contract is not ambiguous simply because the parties disagree as to its meaning. *Sligo, Inc. v. Nevois*, 84 F.3d 1014, 1019 (8th Cir. 1996).

App. 2010) (internal quotation marks and citations omitted). "Intent is to be determined from the contract alone and not based on extrinsic or parol evidence unless the contract is ambiguous." *Care Center of Kansas City v. Horton*, 173 S.W.3d 353, 355 (Mo. App. 2005) (citation omitted). "Language is considered unclear, or ambiguous, if it is reasonably susceptible to more than one construction giving the words their plain and ordinary meaning as understood by a reasonable, average person." *Brittany Sobery Family Ltd. Partnership v. Coinmach Corp.*, 2013 WL 150242, at *3 (Mo. App. Jan. 15, 2013), citing *Klonski v. Cardiovascular Consultants of Cape Girardeau, Inc.*, 171 S.W.3d 70, 73 (Mo. App. 2005). "If the language is ambiguous, courts will look to the language in the context of the entire contract and parol evidence to determine the intent of the parties, including the practical construction the parties themselves have placed on the contract by their acts and deeds, and external circumstances." *Id.* (citation omitted).[3]

Upon consideration, the Court finds the language of the Settlement Agreement is ambiguous, thus precluding an entry of summary judgment. For example, it is unclear whether, giving the words their plain and ordinary meaning, the language of paragraph eight encompasses only those suits, claims, charges, complaints, or demands formally lodged against Defendant at the time of execution, or includes claims and complaints based on pre-existing facts, but currently percolating only in Plaintiffs' minds. Further, the Court finds ambiguity exists with respect to whether that same language was intended to serve as a waiver of Plaintiffs' right to bring suit based on such claims or complaints in the future. This is especially true when considered in conjunction with paragraph nine

---

[3] Despite the use of Missouri law in its analysis, the Court recognizes an apparent dispute as to whether Missouri or Florida law applies to the instant motion. The Court need not resolve this issue, however, as the outcome would be the same under Florida law. *See, e.g., Riera v. Riera*, 86 So.3d 1163, 1166 (Fla. App. 2012); *GE Fanuc Intelligent Platforms Embedded v. Brijot Imaging Systems, Inc.*, 51 So.3d 1243, 1245 (Fla. App. 2011).

of the Settlement Agreement, in which the parties utilized strong language evidencing a clear waiver of rights:

> The Parties, on their own behalf and for their legal representatives, agents, attorneys, successors and assigns, agree and covenant not to sue or prosecute claims arising from the Contract[4] and expressly release each other, their current and former employees, officers, shareholders, directors, attorneys, agents, accountants, parents, subsidiaries, divisions and/or related entities, including without limitation Wyndham Vacation Ownership, Inc., and Wyndham Worldwide Corporation, from any and all rights, claims, suits, debts, sums of money, accounts, promises, variances, trespass damages, judgments, executions, liens, demands, damages, actions, and causes of action of any nature whatsoever arising at law or in equity which they may have had or may now have, both known and unknown, against each other from the beginning of the world to the date of this Agreement arising out of or related to the Contract or the Complaint.

(Settlement Agreement, ¶ 9). Thus, because it is unclear whether Plaintiffs waived their right to bring other suits, unrelated to the Contract and Complaint at issue in the Wisconsin Lawsuit, the Court must examine extrinsic evidence to determine the parties' intent.[5] Under these circumstances, Defendant's Motion for Summary Judgment must be denied.[6] *See Monsanto Co. v. Garst Seed Co.*, 241 S.W.3d 401, 407 (Mo. App. 2007) (citations omitted) ("Where an ambiguity exists...summary judgment is improper because a question of fact exists regarding the intent of the parties. If the

---

[4] "Contract" is defined in the Settlement Agreement as Timeshare Contract Number 00113-0828585. (Settlement Agreement, P. 1).

[5] Plaintiffs already have presented extrinsic evidence, in the form of a series of emails exchanged between the parties' attorneys during settlement negotiations for the Wisconsin Lawsuit. In those emails, Plaintiffs' attorney notes Plaintiffs expressly did not agree to release Defendant from liability for claims arising from any other timeshare contracts, apart from the contract at issue in the Wisconsin Lawsuit. (*See* Affidavit of Attorney Mary C. Fons and attachments thereto, attached to Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment as Exh. 1).

[6] Upon consideration of the parties' submissions, the Court finds entry of summary judgment on Defendant's estoppel claim to be inappropriate as well.

contract is ambiguous, the parties' intent must be ascertained at trial using parol or extrinsic evidence.").

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Wyndham Vacation Resorts, Inc.'s Motion for Summary Judgment (ECF No. 14) is **DENIED**.

Dated this 26th day of February, 2013.

/s/Jean C. Hamilton
UNITED STATES DISTRICT JUDGE